## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2018, 5:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mark F. Johnson
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief,
Criminal Appeals
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Mark F. Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 24, 2018

Court of Appeals Case No.
02A03-1709-PC-2265

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D06-1501-PC-20

**Vaidik, Chief Judge.**

# Case Summary

[1] Mark F. Johnson appeals the denial of his petition for post-conviction relief following his conviction and forty-five-year sentence for Class A felony burglary. Finding no error, we affirm.

# Facts and Procedural History

[2] We detailed the events underlying this case in our opinion on Johnson's direct appeal of his sentence:

> On October 13, 2012, the Fort Wayne Police Department dispatched officers to the home of Elizabeth Fugate and Dorrion Jefferson in reference to a robbery. When the officers arrived, they found the home in disarray and discovered Elizabeth, Dorrion, and Leon Smith, who were tied up with duct tape and plastic zip ties. Elizabeth testified that she had awoken to find Johnson holding a gun to her head while her five-year-old child was next to her in the bed and stated that he then put the gun into her mouth and grabbed her by her hair. She also testified that Johnson said that if she screamed, he would kill her and her children. Johnson duct taped her eyes, nose, and mouth, and restrained her arms with zip ties. Elizabeth stated that Johnson was in her room for hours while she lay restrained with her child next to her. Elizabeth's stepson was across the hall in his bedroom, too terrified to come out.
>
> Dorrion testified that he returned home at around 5:00 in the morning with his friend Leon. When they entered the home, they were ambushed by Johnson and another man, pushed down to the floor, and restrained with duct tape and zip ties. Dorrion also testified that he was beaten, tased, kicked in the face, stabbed in the back, and left to lie on the ground for an hour and one half

while he wondered if his family was okay.  He saw a thin man, whom he later identified as Johnson, armed with a small handgun and giving orders.  Leon, who was able to break free from his zip ties, called the police and alerted them to the situation.

Elizabeth told officers that she was missing $400 from her purse, the laptop she used for her classes, and that her 2007 black Dodge Charger had been stolen.  In addition, Leon told the officers that his Dell laptop, handbag, and flash drive were taken.

*Johnson v. State*, No. 02A03-1305-CR-182, slip op. at 2-3 (Ind. Ct. App. Jan. 29, 2014).  Johnson was quickly apprehended, and the State filed ten criminal charges against him: burglary as a Class A felony; three counts of robbery as a Class B felony; three counts of criminal confinement as a Class B felony; auto theft as a Class D felony; resisting law enforcement as a Class D felony; and carrying a handgun without a license as a Class A misdemeanor.

[3]  In November 2012, the trial court set a trial date of March 26, 2013, with a pretrial conference to be held on February 26.  On December 17, 2012, the attorney who had been appointed to represent Johnson sent him a written plea offer the State had made: if Johnson would plead guilty on the burglary charge and accept the advisory sentence of thirty years, the State would dismiss the other charges.  At the pretrial conference on February 26, at which Johnson was present, the State made a better offer: Johnson would plead guilty on the burglary charge, and sentencing would be left to the discretion of the trial court, but with the executed portion capped at thirty years.  The State said that its offer would expire one week before trial (i.e., on March 19), and the judge

repeated that information. Appellant's App. Vol. II pp. 113-114. On February 27, the day after the pretrial conference, Johnson's attorney sent him the State's new offer in writing. In an accompanying letter, the attorney explained that the offer "would give us the opportunity to argue for a sentence less than 30 years" and stated that "I suggest you accept it by signing it and returning it to me." *Id.* at 73.

[4] On March 13, a change-of-plea hearing was scheduled for March 14. Johnson and his attorney were present for the hearing, but the attorney told the court that "there'll be no action on this case." *Id.* at 55. The prosecutor said that the State was ready for trial and would not be making any other offers.

[5] However, on March 26, the day set for trial, Johnson indicated that he did not want to go to trial. He acknowledged that he "didn't accept" the plea offer the State made on February 26, Guilty Plea Tr. p. 15, but said that he wanted to plead guilty to the burglary charge and the three robbery charges. The State said that if Johnson did so, it would dismiss the other charges. There was no agreement as to sentencing. The court allowed Johnson to plead guilty as proposed and accepted his guilty pleas. At a subsequent sentencing hearing, the trial court merged the three robbery counts into the burglary count and imposed a sentence of forty-five years for the burglary. Johnson appealed his sentence, and we affirmed. *Johnson*, No. 02A03-1305-CR-182.

[6] Johnson then filed a petition for post-conviction relief. Johnson claimed, among other things, that (1) his attorney should have provided better advice

about the State's plea offers, (2) his attorney should have tried, on the day set for trial, to convince the State and the trial court to let Johnson accept the "30-year cap plea" offer, and (3) the trial court "abused its discretion" when it accepted Johnson's guilty pleas on the day set for trial because an Allen County local rule says that a plea agreement must be finalized at least one business day before trial. Appellant's App. Vol. II pp. 69, 80-81. The post-conviction court rejected these arguments and denied Johnson's petition.

[7] Johnson now appeals.

# Discussion and Decision

[8] A person who files a petition for post-conviction relief has the burden of establishing the grounds for relief by a preponderance of the evidence. *Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014). If the post-conviction court denies relief, and the petitioner appeals, the petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 269.

[9] Johnson first contends that the post-conviction court should have found that he received ineffective assistance of counsel. When evaluating such a claim, Indiana courts apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): whether counsel performed deficiently and whether that deficient performance prejudiced the defendant. *Humphrey v. State*, 73 N.E.3d 677, 682 (Ind. 2017). An attorney's performance is deficient if it falls below an

objective standard of reasonableness—if the attorney committed errors so serious that it cannot be said that the defendant had "counsel" as guaranteed by the Sixth Amendment. *Id.* A defendant has been prejudiced if there is a reasonable probability that the case would have turned out differently but for counsel's errors. *Id.*

[10] Johnson argues that the post-conviction court should have found that his attorney was ineffective in two respects with regard to the State's "30-year cap plea" offer. First, he asserts that his attorney should have given him additional advice regarding the offer before it expired. Appellant's Br. pp. 8-10. Had his attorney done so, Johnson contends, he would have accepted the offer. Second, he argues that, on the day of trial, his attorney should have tried to convince the State and the trial court to allow Johnson to accept that offer. *Id.* at 11-13. Johnson has not persuaded us that the post-conviction court erred by denying these two claims.

[11] Regarding the first claim, it is undisputed that Johnson's attorney advised him to accept the State's offer in his February 27 letter, and Johnson does not specify the additional advice he believes his attorney should have given him. He does assert that his attorney did not tell him that the State's offer "had an expiration date." *Id.* at 10. Johnson's attorney might dispute that assertion— we do not know because Johnson did not present any evidence from his attorney to the post-conviction court. But even if we accept Johnson's allegation as true, we know that Johnson was present for the pretrial conference on February 26, 2013, when both the prosecutor and the judge made

abundantly clear that the offer would expire one week before trial. Johnson does not tell us why the failure of his attorney to separately advise him of the expiration date would constitute deficient performance or how he was prejudiced by not being separately advised. We cannot say that the post-conviction court erred by denying this claim of ineffectiveness.

[12] As for the second claim, even if we accept as true Johnson's allegation that his attorney "failed to advocate" for the State's "30-year cap plea" offer on the day of trial, Johnson has given us no reason to believe that the State and the trial court would have been receptive to such an argument. He suggests that they might have shown some leniency because the expiration date was not included in the State's written offer or in his attorney's February 27 letter regarding that offer. As we just discussed, however, Johnson was informed of the expiration date by both the prosecutor and the judge at the pretrial conference on February 26. Having so advised Johnson, we are confident that the State and the trial court would have rejected any attempt to revive the expired offer. Johnson also asserts that his attorney should have pushed to bring back the offer on the basis that "the Court failed to set a pretrial conference hearing a week before trial to finalize the 30-year cap because the Judge was on a teaching assignment." *Id.* at 11. He says nothing more about this theory, and we fail to see how another pretrial hearing was necessary, especially since Johnson had already declined to accept the offer at a change-of-plea hearing on March 14, 2013. We affirm the post-conviction court's denial of this claim.

[13]     In addition to his ineffectiveness claims, Johnson argues that the post-conviction court erred by denying his claim that the trial court "abused its discretion" by accepting the parties' plea agreement on the day set for trial. Appellant's Br. p. 13. He relies on Allen County Local Criminal Rule LR02-CR10-1, which provides that "[a]ll guilty pleas with a plea agreement must be finalized and a plea entered not later than 1:30 p.m. of the last business day prior to the jury trial date" and that "[n]o plea agreement will be considered by the court after that date." Read in isolation, this rule arguably supports Johnson's argument that the trial court should not have accepted a plea agreement on the day of trial. We need not reach that issue, however, because Johnson's prayer for relief is fatal to his claim. Specifically, Johnson does not ask us to set aside the parties' agreement based on the local rule and order a trial on all ten charges Johnson originally faced. Instead, he asserts that he "is entitled to receive the 30-year cap plea[.]" Appellant's Br. p. 15. But if we were to hold that the trial court was prohibited from accepting a plea agreement on the day of trial, we could not also hold that the trial court should have accepted the (expired) thirty-year-cap agreement on the day of trial. Because Johnson has made it clear that he does not want a trial on all ten charges, the post-conviction court did not err by rejecting his local-rule claim.

[14]     Affirmed.

         Riley, J., and Kirsch, J., concur.